### S. G. HAMILTON, v. M. K. SMITH, Appellant.

**Partnership:** FIRM NOTE: RELEASE OF RETIRING MEMBER. In an action against a former member of a partnership on a note given by the firm, where the defendant pleaded and testified that in adjusting partnership affairs after the dissolution of the old firm, in consideration of defendant's stepping (ut of the business and turning it over to the new firm, the plaintiff agreed to look to the new firm for payment of the note, it was error to instruct that in order to find for the defendant it must appear that the agreement to release was made at or before the dissolution, as there was no such issue.

*Appeal from Story District Court.*—HON. J. R. WHITAKER, Judge.

FRIDAY, APRIL 10, 1903.

ACTION on a note, resulting in judgment against defendant, from which he appeals.—*Reversed.*

*McCarthy & Lee* for appellant.

*G. A. Underwood* for appellee.

LADD, J.—On the 27th day of February, 1899, Bigelow & Smith executed to plaintiff their promissory note, payable on or before July 1st following, and recovery for the balance remaining unpaid is sought against Smith. He interposed the defense that about February 10, 1900, the above firm was dissolved, and succeeded by Biglow & Bigelow, to whom plaintiff agreed to look for the payment of this note and release defendant therefrom, and that, "as a consideration for said agreement, he turned over his interest in the property of the firm of Bigelow & Smith to Bigelow & Bigelow." Appellant insists that the issue with respect to consideration was not properly submitted to the jury. For the purpose of determining this question, it will be necessary to set out the testimony of defendant: "I retired from the firm of Bigelow and Smith the

22d day of February, 1900. The business was closed February 10th, but we did not get settled up until the 22d. * * * When I retired from the firm I arranged with Mr. Hamilton that he should carry the note against the new firm of Bigelow & Bigelow. * * * He said it was not necessary to draw up a new note; 'that he would look to the new firm. The new firm agreed to pay these old obligations, and it was with the understanding that Mr. Hamilton would look to the new firm and release me that I stepped out of the business and turned it over to the new firm. * * * I do not remember the time of the day, nor the date of the conversation. It was along about the time I went out; before I went out; along about the settlement. The time, I don't just remember—between the 1st of February and the 22d." It is clear from this that the witness claimed the arrangement was made before he formally turned over his interest to the new firm, and this probably happened after the dissolution of Bigelow & Smith. Apparently, it occurred on the 10th of February, and what was done thereafter was in the way of settling and adjusting the affairs of the partnership. This is somewhat confirmed by his further statement that "we had fixed up some other matters, and that remained unsettled. He was around there most of the time while we were invoicing, and he said that will be all right; he would carry it along, and take the new firm for it." Evidently this understanding is not claimed to have been had before dissolution of Bigelow & Smith, but before defendant's property was turned over to Bigelow & Bigelow.

A dissolution of a partnership does not necessarily involve the disposition of its property, nor a settlement between partners. The power to wind up its business, settle its accounts, and distribute the assets continues after dissolution. *The Western Stage Co. v. Walker*, 2 Iowa, 504. See note to *Gilmore v. Ham*, 40 Am. St. Rep. 562. Nevertheless the court instructed the jury, in the

fifth paragraph of the charge, that, in order to find for the defendant, it must appear from a preponderance of the evidence that "at or before the time of dissolution of the firm of Bigelow & Smith" the agreement to release was made.   In the next instruction they were told that the only legal consideration alleged was the turning over of defendant's interest in the firm property, and if they found that, "at or before the time that firm of Bigelow & Smith was dissolved, it was agreed by the plaintiff and defendant that plaintiff would release the defendant, and look to the firm of Bigelow & Bigelow for the payment of. said note, if defendant Smith would turn over to said firm of Bigelow & Bigelow" all Smith's interest in the property, a verdict should be returned for defendant.   The distinction between dissolution and turning over his interest in the firm's property is thus clearly recognized, and in the seventh paragraph they were further advised that, in event the agreement was made after the dissolution of the firm, there was no consideration, and the defense must fail.   We do not find the issue presented to have been raised in the pleadings or evidence.   It is nowhere claimed that the agreement with plaintiff had any connection with the dissolution of the firm of Bigelow & Smith, and it was immaterial whether the arrangement was before or after that event.   The evidence is all but conclusive that it was afterwards.   The consideration, however, which was pleaded, and to which defendant testified, was that, in adjusting the partnership affairs after the dissolution of the old firm, the defendant, in reliance on plaintiff's promise to look to the new firm alone for the payment of the note and release him, he "stepped out of the business and turned it over to the new firm."   This issue, rather than the time of the agreement, if any there was, relative to dissolution, should have been submitted to the jury.— REVERSED.

WEAVER, J., took no part.